IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA M. YODER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MORROW, THOMPKINS, TRUEBLOOD | : | |
| & LEFEVRE, LLC, et al. | : | NO. 15-CV-4590 |

<u>MEMORANDUM AND ORDER</u>

Ditter, J.                                                                                                 October 5, 2015

Plaintiff, Cynthia M. Yoder, has filed a *pro se* complaint that purports to allege civil rights claims pursuant to 42 U.S.C. § 1983. The complaint involves Ms. Yoder's disputes with counsel representing her son in a state criminal proceeding and her attempts to involve herself in his defense as his "power of attorney." Defendants have filed a motion to dismiss for lack of subject matter jurisdiction, and alternatively, for failure to state a claim on which relief may be granted. For the reasons that follow, the motion to dismiss will be granted.

1. <u>Standard of review</u>

The standard of review for a motion to dismiss is well established. Under Fed. R. of Civ. Proc. 12(b)(1) a complaint may be dismissed for lack of subject matter jurisdiction. Under Rule 12(b)(6) a complaint may be dismissed for failure to state a claim upon which relief can be granted. I must accept as true the facts and allegations contained in the complaint and all reasonable inferences drawn therefrom and view the

facts in the light most favorable to the non-moving party.  I may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Thus, I set forth the facts as described in Yoder's complaint.

    2.  <u>Factual assertions</u>

Ms. Yoder purports to raise a § 1983 claim and also asserts violations of Pennsylvania law prohibiting the intimidation of witnesses and harassment.  According to the complaint, Ms. Yoder retained Scott H. Kreiger, Esquire, a member of the defendant law firm, to represent her son (who has given her power of attorney) in his action for false arrest against "numerous police officers and detectives of Montgomery County." *Compl.*, 2.  Ms. Yoder attempted to file a document in her son's court proceedings acting as his power of attorney.  Defendant Richard Tompkins, Esquire, a partner in the defendant law firm, wrote Ms. Yoder to advise her not to file documents with the court unless she was an attorney, and that if she continued to do so, she would be reported to the Pennsylvania Disciplinary Board for the unauthorized practice of law.  *Id.*, Exh. A.

Although the complaint is not particularly clear, it appears that Ms. Yoder objects to Kreiger's handling of her son's case, she believes she overpaid counsel for his representation, and she views the letter from Tompkins as threatening and harassing.  It also appears that these issues (among others) are the subject of one or more state court actions.

3.  <u>Federal Jurisdiction</u>

Because Ms. Yoder does not assert a basis for federal jurisdiction in her complaint, I have reviewed it to determine if she alleges any facts that would support jurisdiction in this court.[1]

She does not assert the citizenship of the parties or an amount in controversy as required to establish diversity jurisdiction under 28 U.S.C. § 1332. A review of the complaint and docket reveals that all parties are citizens of Pennsylvania. Thus, jurisdiction under § 1332 is unavailable.

Nor does the complaint provide a basis for jurisdiction in this court as a federal question under 28 U.S.C. § 1331.

Ms. Yoder's alleged federal claim is for a violation of 42 U.S.C. § 1983. To state a *prima facie* case under § 1983, Ms. Yoder must show that: 1) she was deprived of a federal right; and 2) that the person who deprived her of that right acted under color of law. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). The complaint fails on both counts – she describes no federal right that was violated and counsel were not acting under of color of law. *See Hagins v. Spina,* 267 Fed. Appx. 118, 119 (3d Cir. 2008) (citing *Polk v. County of Dodson*, 454 U.S. 312. 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when

---

[1] In her response to the motion to dismiss, Ms. Yoder argues that she should be permitted to amend her complaint to assert jurisdiction, and if permitted, she would plead jurisdiction pursuant to 28 U.S.C. § 1391. However, § 1391 concerns issues of venue, that is, which is the appropriate district court of the United States to hear the cause of action. Venue would not be an issue until after proper jurisdiction has been established. Thus, such an amendment would be fruitless.

performing his function as counsel)).

4. Conclusion

This court does not have subject matter jurisdiction, therefore, the complaint must be dismissed pursuant to Rule 12(b)(1).  Because amendment of the complaint would be futile, dismissal with prejudice is appropriate.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2001).